IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNETTE WEBB, | ) Case No.: |
| Plaintiffs | ) COMPLAINT |
| vs. | ) |
| THE CIT OF OMAHA, a municipal corporation, OMAHA POLICE OFFICERS RIMA and VILLWOK and DOES I through X, in their individual and official capacities. | ) |
| Defendant | ) |

Now comes the plaintiff by and through her attorney of record and for her causes of actions states, avers and alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C Section 1983 and jurisdiction of this court is invoked under 28 U.S.C. Sections 1331 and 1343. Plaintiffs further invokes pendent jurisdiction of this Court to hear and decide claims arising under state law. This district has venue because it is where all of the parties reside and where the events complaint of occurred.

### PARTIES

2. Plaintiff is a citizen of the United States of America and residents of the State of Nebraska.

3. Defendant City of Omaha is a municipal corporation organized and existing and acting pursuant to the laws of the State of Nebraska and its Home Rule Charter.

4. Defendants Villwok, Rima and Does I through III were at all times relevant hereto law enforcement officers employed by the City of Omaha Police Department and are sued in their individual and official capacities.

5. Does IV through XX are employees of the Omaha Police Department and are sued in their individual and official capacities.

6.      At all times hereinafter Defendants and each of them were acting as agent for and on behalf of each of the other defendants and were acting at all times within the course and scope of their employment.

8.      At all times hereinafter individual Defendants and each of them were acting under the ordinances regulations, customs and usages of the City of Omaha, under color of state law and pursuant to the official policy of the City of Omaha.

9.      On or about December 18, 2002, at or near the intersection of 36th and Parker Streets, in Omaha, Douglas County, Nebraska at approximately 4:32 a.m., Defendants Rima and Villwok initiated a traffic stop on the Plaintiff and ticketed her for failure to maintain lane and failure to signal a turn.   Plaintiff produced her proof of insurance that covered the vehicle she was driving, but said Defendants refused to accept it.  Said Defendants advised the Plaintiff that she was that there were warrants for arrest under the name of "Annie," handcuffed her, placed her in the patrol car and transported her to the police station and placed her in the custody of Defendants VII through X, Detention Technicians.

10.     When Defendant Police Officers arrested the Plaintiff, they handcuffed her hands behind her back and forcefully pressed her against the seat.  At that time the Plaintiff felt a sharp paid in her back and shoulders and so advised the Defendant Police Officers. Defendant Police Officers ignored Plaintiff's complaints of severe pain.

11.     From the time the Plaintiff was wrongfully arrested and detained, until she was released from custody, the Plaintiff denied being "Annie" and advised the Defendant Police Officers that she knew the person they were looking for.  The Plaintiff advised said police officers that the person they were looking for had a different birthday and only resembled in the fact that they were both Black Females.

12.     Although Plaintiff requested that the Defendants compare her fingerprints to the wanted person, gave Defendants the names of people they could contact that could verify that she was not the wanted person, Defendants and each of them ignored Plaintiff's complaints of illness and pain, refused to further investigate the Plaintiff's statements of her identity, ridiculed her, booked her and threatened to strip search her and, if she did not consent to the strip search,  place her in solitary and refused to allow her to use the telephone.

13. The Defendants placed Plaintiff in solitary and ignored her complaints of pain. While the Plaintiff was in solitary, she was approached by a Detention Technician who told the Plaintiff she knew the Plaintiff was not the wanted person and would arrange for Plaintiff to make a telephone call.

14. Plaintiff contacted a relative to come to pick her up; however, Defendants and each of them refused to release the Plaintiff until the ticket which was the basis for the outstanding warrant was paid.

15. Plaintiff was released; and, subsequently, a few days later, without further action from the Plaintiff, Defendants returned the money the Plaintiff had paid to be released from custody.

16. As a result of being handcuffed and forcefully shoved against the seat of the police vehicle and being ridiculed by Defendants, Plaintiff suffered a severe sprain to her back and shoulders, incurred medical expenses for treatment of same and suffered, humiliation and emotion distress.

17. As a result of the above, and in violation of 42 U.S.C. 1983, Defendants and each of them falsely arrested and wrongfully detained Plaintiff thus depriving her of rights guaranteed to her by the United States Constitution.

18. The actions of the individual Defendants were committed with malice, with reckless disregard for the well being of the Plaintiff and were performed with the intent of causing and did in fact cause Plaintiff pain, humiliation and embarrassment.

CLAIM FOR RELIEF-PENDANT STATE CLAIM

Assault

19. Plaintiffs incorporate Paragraphs 1 through 18 herein as though fully set forth.

20. In touching Plaintiff handcuffing her and pushing and shoving her without her consent the Defendants committed an assault.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants.

CLAIM FOR RELIEF-PENDANT STATE CLAIM

Unlawful Detainer

21. Plaintiffs incorporate Paragraphs 1 through 18 herein as though fully set forth.

22.     In touching Plaintiff, handcuffing her and pushing and shoving her, placing her in custody and detaining her, without her consent Plaintiff was unlawfully detained by the Defendants.

WHEREFORE, Plaintiff prays this court to enter judgment in her favor and against Defendants and award damages in an amount to be determined by this court, medical costs, paid and suffering, costs and attorney fees and for such other and further damages as this court deems just.

Dated this 12th day of December 2006

ANNETTE WEBB, Plaintiff

By /s/ Sheri E. Long Cotton
Sheri E. Long Cotton 16759
Attorney at Law
1011 Switchyard Street, #3322
402.871.4216
FAX 1-800-776-6649
slongcotton@aol.com

PLAINTIFF SEEKS JURY TRIAL IN OMAHA NEBRASKA