IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANNETTE WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV757 |
| | ) | |
| v. | ) | |
| | ) | |
| OMAHA, CITY OF, a municipal corporation, Omaha Police Officers RIMA and VILLWOK, in their individual and official capacities,  and DOES I THROUGH X, in their individual and official capacities, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This is an action for deprivation of constitutional rights under 42 U.S.C. § 1983. Plaintiff alleges she was unlawfully arrested and assaulted by City of Omaha police officers. She also asserts state law claims for assault and unlawful detainer. She has sued the City of Omaha ("the City") and its employees in their individual and official capacities.

The City has filed an answer to the civil rights claim. The City moves to dismiss plaintiff's state law claims as barred by the applicable statute of limitations in the Nebraska Political Subdivisions Tort Claims Act ("Tort Claims Act"), Neb. Rev. Stat. § 13-919(1). Alternatively, the City asserts that the claims are barred by governmental immunity and by the Tort Claims Act's exclusion of claims arising out of assault, battery, false arrest, or false imprisonment. *See* Neb. Rev. Stat. § 13-910(7). The plaintiff has not responded to the motion.

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec* Co., 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears that the plaintiff can prove no set of facts which would entitle him to relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

In her complaint, Webb alleges that she was arrested on December 18, 2002. She filed this action on December 14, 2006. Under Nebraska law, a claim against a political subdivision is "forever barred unless begun within two years after such claim accrued." Neb. Rev. Stat. § 13-919. As a matter of law, plaintiff's state law claims are barred by the two-year statute of limitations.

The Tort Claims Act eliminates, in part, the traditional sovereign immunity of political subdivisions. *Doe v. Omaha Public School District,* 727 N.W.2d 447, 455 (Neb. 2007). The Tort Claims Act excludes, however, "any claim arising out of assault, battery, false arrest, false imprisonment. . . ." Neb. Rev. Stat. § 13-910(7). That exclusion preserves the sovereign immunity defense to a claim brought under the Tort Claims Act. *Doe*, 727 N.W.2d at 453. If a political subdivision proves that a plaintiff's claim comes within an exception listed in Neb. Rev. Stat. § 13-910, then the claim fails based on sovereign immunity. *Id.* at 455; *Hatcher v. Bellevue Volunteer Fire Department,* 628 N.W.2d 685, 695 (Neb. 2001). Plaintiff alleges acts in the nature of assault or false imprisonment.

2

Accordingly, it is clear on the face of plaintiff's complaint that her state law claims are subject to dismissal.

    IT IS ORDERED:

    1.    Defendant City of Omaha's motion to dismiss is granted.

    2.    Plaintiff's claims for assault and unlawful detainer are dismissed.

    3.    The action is referred to the magistrate judge for further progression of this case.

DATED this 6th day of June, 2007.

                BY THE COURT:

                s/ Joseph F. Bataillon
                JOSEPH F. BATAILLON
                Chief United States District Judge