IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANNETTE WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV757 |
| | ) | |
| v. | ) | |
| | ) | |
| OMAHA, CITY OF, a municipal corporation, RIMA, in their individual and official capacities, VILLWOK, in their individual and official capacities, and DOES I THROUGH X, in their individual and official capacities, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants Bruce Rima and John Villwok's motion to dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(4), and 12(b)(5), on the basis that plaintiff has failed to serve a summons on them within 120 days of filing the complaint. Filing No. 23. This is an action for deprivation of constitutional rights under 42 U.S.C. § 1983. Plaintiff alleges she was unlawfully arrested and assaulted by City of Omaha police officers. She has sued the City of Omaha and its employees in their individual and official capacities. However, she has not yet served the individual officers named in the lawsuit.

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period." *Id.* A 1993 amendment to Rule 4 "increase[d] a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir. 1996) (*quoting* Rule 4 Advisory Committee Notes (1993)). Thus, under Rule 4(m), the court is required to extend the time for service on a showing of good cause, but has the discretion to extend the time, rather than dismiss the case without prejudice, even in the absence of such a showing. *Marshall v. Warwick,* 155 F.3d 1027, 1032 (stating "[d]ismissal is not invariably required where service is ineffective, and under such circumstances, the district court has discretion to either dismiss the action, or quash service but retain the case").

The 1993 amendments to Rule 4(m) give courts greater leeway to preserve meritorious lawsuits despite untimely service of process. *Efaw v. Williams,* 473 F.3d 1038, 1040-41 (9th Cir. 2007). Moreover, a court may retroactively grant such an extension after the 120-day period has expired. *Id.; United States v. McLaughlin,* 470 F.3d 698, 701 (7th Cir. 2006) (stating "[w]hen delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion").

On December 14, 2006, plaintiff filed her complaint. Filing No. 1. On March 2007, a summons as to the defendant City of Omaha was requested, issued, and returned executed. Filing Nos. 6, 7, and 8. On April 18, 2007, 120 days passed from the date of the filing of the complaint. On November 30, 2007, following a planning conference, the court entered an order, Filing No. 19, requiring plaintiff to file an amended complaint by December 21, 2007, and "identify all individual defendants by name," and "effect prompt

2

service of such amended complaint." At the time of filing this motion to dismiss, there had been no filing of any amended complaint. There had been no request for, nor issuance of, nor service of, any summonses directed to the defendants Rima and Villwok. There had been no motion for extension of time in which to do so. Thirteen months had elapsed from the filing of the complaint when this motion to dismiss was filed, and it has been five years since the cause of action arose.

Plaintiff responds and asks this court not to dismiss these two defendants. Filing No. 27. She contends that the parties have been engaged in serious settlement negotiations since July 2007. She argues that during negotiations the defendants requested further discovery. Such discovery was provided to the defendants in December 2007. She further contends that she was awaiting a response from defendants' counsel as to whether the City of Omaha would accept service on behalf of the individual defendants. Due to the ongoing settlement negotiations, plaintiff did not believe she needed to serve the individual defendants.[1] According to the plaintiff, the maximum amount of damages sought at this point is $20,000.

Plaintiff also urges the court to refer this case for mediation pursuant to the mediation plan for the District of Nebraska. The plan states:

> 2. Designation of Civil Cases for Mediation. Any district, bankruptcy, or magistrate judge may by order refer a case to mediation when the judge finds that the nature of the case and the amount in controversy, together with the information available regarding the possibility of settlement make resolution of the case by mediation a practical possibility within the purposes noted above. Such cases may include, but are not limited to:
>
> . . . .

---

[1] Defendants note that the statute of limitations has probably run as to the two individual defendants.

>(d) Cases in which the litigation costs are high in relation to the amount in controversy;
>
>(e) Cases in which the amount in controversy is determined to be less than $100,000; and
>
>. . . .
>
>Cases may be referred for mediation to mediators formally approved by this court, or to mediators not formally approved by this court, or to private mediation services, or through mediation centers affiliated with the Nebraska Office of Dispute Resolution (hereinafter, "mediation centers").

Mediation Plan for the United States District Court for the District of Nebraska, as Amended January 30, 2007. http://www.ned.uscourts.gov/mediation/medweb/page2.html.

Because the plaintiff alleges that her failure to serve summons on these two defendants is due to serious settlement negotiations with the City of Omaha, the court will deny the motion to dismiss. The court notes, however, the plaintiff's delay in serving the two individual defendants in this case is very troubling. Any further delays on the part of the plaintiff will not be tolerated. Also, the court finds that mediation should be ordered. It appears there are serious ongoing settlement discussions, and plaintiff is primarily asking for medical expenses incurred as a result of an alleged wrongful arrest in an amount less than $20,000. The court finds that it is in the best interests of all parties and the best use of judicial resources to order mediation as soon as is practical in this case. However, the court requires and gives plaintiff twenty days from the date of this order to serve the two individual defendants. Failure to so serve these defendants will result in their dismissal from this case. This case is otherwise be stayed until such time as mediation has occurred. The court orders the parties to contact the magistrate judge to assist with mediation.

THEREFORE, IT IS ORDERED:

1. Defendants' motion to dismiss, Filing No. 23, is denied at this time but is subject to reassertion.

2. Plaintiff shall have twenty days from the date of this order to serve the individuals in this case.

3. The parties are ordered to mediate this case.

4. The parties are ordered to contact the magistrate judge to assist them with the mediation process.

5. The parties shall notify the court immediately after mediation of the results.

6. Other than the requirement that plaintiff immediately serve the two individuals in this lawsuit, this case will otherwise be stayed pending mediation or settlement.

DATED this 18th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge